Filed:  January 13, 1999

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 98-1035
(CA-97-798-H)

Builder Marts of America, Incorporated,

Plaintiff - Appellee,

versus

Mountbatten Surety Company, Incorporated,

Defendant - Appellant.

O R D E R

The court amends its opinion filed December 17, 1998, as follows:

On the cover sheet, section 3, line 4 -- the district court number is corrected to read "CA-97-798-H."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

BUILDER MARTS OF AMERICA,
INCORPORATED,
<u>Plaintiff-Appellee,</u>

v.

No. 98-1035

MOUNTBATTEN SURETY COMPANY,
INCORPORATED,
<u>Defendant-Appellant,</u>

RUSSELL TYLDESLEY,
<u>Movant.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Harvey II, Senior District Judge.
(CA-97-798-H)

Argued: October 29, 1998

Decided: December 17, 1998

Before MICHAEL and MOTZ, Circuit Judges, and
STAMP, Chief United States District Judge
for the Northern District of West Virginia,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Andrew J. Ruck, DUANE, MORRIS & HECKSCHER,
L.L.P., Philadelphia, Pennsylvania, for Appellant. Anthony Joseph

Breschi, TYDINGS & ROSENBERG, L.L.P., Baltimore, Maryland, for Appellee. **ON BRIEF:** Joel D. Beach, DUANE, MORRIS & HECKSCHER, L.L.P., Philadelphia, Pennsylvania, for Appellant. Alan M. Grochal, TYDINGS & ROSENBERG, L.L.P., Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mountbatten Surety Company, Inc. appeals the district court's grant of summary judgment in favor of Builder Marts of America, Inc., on a breach of contract claim arising from Mountbatten's failure to pay Builder Marts under a payment bond. Finding no error, we affirm.

I.

On February 21, 1996, Mountbatten Surety Company, Inc. ("Mountbatten") executed a payment bond in which Ridge Lumber Company ("Ridge") was the named principal, or principal obligor, Builder Marts of America, Inc. ("Builder Marts") was the named obligee, and Mountbatten was the named surety. The bond had a six-month coverage period and contained the following provision:

> 1. In the event of any default on the part of the Principal, a written statement of the particular facts showing the date and nature of such default shall be given by the Obligee to the Surety as promptly as possible after such default has become known to the Obligee.

Mountbatten and Ridge also entered into a General Indemnity Agreement on February 21, 1996 that conferred on Mountbatten the right

to take certain actions to protect itself in relation to any bond that Mountbatten issued on behalf of Ridge.*

Ridge failed to pay Builder Marts' invoices soon after the payment bond was executed. In fact, Ridge was actually about $262,000 past due in its payments to Builder Marts as of January 29, 1996, which date was prior to the execution of the payment bond. Nevertheless, Builder Marts permitted Ridge to purchase supplies on credit until May 13, 1996, and then, on June 26, 1996, placed Ridge on a "cash-in-advance" basis.

On September 20, 1996, Ridge filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code. On September 24, 1996, Builder Marts notified Mountbatten of Ridge's defaults and claimed that its unpaid invoices totaled $148,563.67. In the district court, Builder Marts sought to recover that amount plus interest.

II.

Mountbatten raises three claims on appeal. Mountbatten argues that the district court erred by finding (1) that it was required to produce evidence of prejudice resulting from Builder Marts' failure to provide it with timely notice of Ridge's default, (2) that Mountbatten, in fact, failed to present evidence of such prejudice, and (3) that facts from

_____

*The indemnity agreement provided, in part:

> 2. APPLICABILITY. This instrument is intended to apply to any and all Bonds executed . . . by one or more of the under-signed.

. . .

> 6. AUTHORIZATION. If any such Bond be issued in con-nection with a contract, the Surety in its sole discretion is hereby authorized, but is not required,

. . .

> c) in the event of any default in the performance of the contract alleged by the bond obligee . . . the Surety shall have the right . . . to take any other action which the Surety, in its sole discretion, may deem appropriate.

3

two other cases in which Mountbatten defended claims on bonds it issued on behalf on Ridge were relevant to the issue of prejudice.

Mountbatten first asserts that Maryland law does not require that, in order to avoid liability on a payment bond, a surety must present evidence of prejudice when an obligee fails to comply with a bond provision requiring written notice of a principal obligor's default. Mountbatten acknowledged in the district court, however, that it bore a burden to present such evidence. Before this Court, Mountbatten contends that it was mistaken as to the law. This Court finds that, by failing to raise the issue in the district court, Mountbatten has waived this argument.

Mountbatten next claims that, even if it was required to show prejudice flowing from Builder Marts' failure to give timely notice, it, in fact, provided the court with such evidence. Mountbatten asserts, for example, that it was unable to exercise its rights under the General Indemnity Agreement until it received notice from Builder Marts of Ridge's default. Also, Mountbatten argues that, if it had received earlier notice of Ridge's default, it would have been able to file U.C.C. financing statements, which would have given it a priority over other Ridge creditors in bankruptcy.

Mountbatten's claims of prejudice are no different here than they were before the district court. That court found that Mountbatten provided only conclusory statements as to its claims of prejudice and offered no evidence, in the form of affidavits or otherwise, to support its assertions. Thus, in recognizing its obligation in the summary judgment context, to "prevent `factually unsupported claims and defenses' from proceeding to trial," Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting Celotex Corp. v. Catrett, 477 U.S. 317 (1986)), the district court determined that Mountbatten failed to establish prejudice. We agree.

Finally, Mountbatten challenges the district court's reference to Delmarva Sash & Door Co. v. Mountbatten Surety Co. , Civil No. H-96-2413, and Shoffner Indus. v. Mountbatten Surety Co, Civil No. H-96-3740, two actions that Mountbatten defended and that arose from claims made on bonds in which Ridge was the principal obligor. The district court decided these cases on summary judgment motions

4

on September 11, 1997. According to Mountbatten, the court inferred that, because Mountbatten did not take immediate action when notified of Ridge's payment defaults in those cases, it would not have taken action with respect to the bond at issue here and, thus, was not prejudiced by a failure to receive earlier notice from Builder Marts.

In view of our conclusion that Mountbatten did not produce evidence of prejudice, Mountbatten's claim that the district court erred when it referred in its opinion to Delmarva and Shoffner is without merit. As noted above, the district court specifically found that Mountbatten failed to show its alleged prejudice in this case. Thus, we also reject this challenge to the district court's decision.

III.

For the reasons stated above and those in the district court's opinion (see Builder Marts of America, Inc. v. Mountbatten Surety Company, Civil No. H-97-798 (December 4, 1997)), we conclude that the district court did not err in finding that Mountbatten was required to present evidence of prejudice resulting from a failure to give timely notice of default and that, in fact, Mountbatten presented no such evidence. Accordingly, we affirm the district court's grant of summary judgment to Builder Marts.

AFFIRMED

5